NO. 07-05-0084-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 23, 2005

_____

JESUS ANTU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15708-0409; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Following an open plea of guilty, appellant Jesus Antu was convicted of driving while intoxicated, enhanced, and punishment was assessed at five years confinement and a $2,000 fine. Although trial counsel was retained, appellant filed a *pro se* notice of appeal.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed on May 18, 2005, but has yet to be filed. Also, no motion for extension of time has been filed. On May 31, 2005, appellant was notified of the defect and also directed to file either his brief or a response by June 10, 2005. Appellant did not respond and the brief remains outstanding.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and

2. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included

in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, July 29, 2005.

It is so ordered.

Per Curiam

Do not publish.